CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

MAR 05 2026

LAURA A. AUSTIN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
MARCH 2026 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:25-CR-00030 |
| | ) | |
| v. | ) | **SEALED FIRST SUPERSEDING** |
| | ) | **INDICTMENT** |
| AHMANDOU ANTHONY KABBA | ) | |
| and | ) | In violation of: |
| AMONI NAKIA KELSO, | ) | 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) |
| Defendants | ) | 21 U.S.C. §846 |

## COUNT ONE
### Distribution of a Controlled Substance (Fentanyl)

The Grand Jury charges that:

1. On or about February 18, 2025, in the Western District of Virginia, at a different time and place than alleged in Count Two, the defendant, AHMANDOU ANTHONY KABBA, knowingly and intentionally distributed a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C).

## COUNT TWO
### Distribution of a Controlled Substance (Fentanyl)

The Grand Jury also charges that:

3. On or about February 18, 2025, in the Western District of Virginia, at a different time and place than alleged in Count One, the defendant, AHMANDOU ANTHONY KABBA, knowingly and intentionally distributed a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance.

4. All in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C).

## COUNT THREE
### Distribution of a Controlled Substance (Fentanyl)

The Grand Jury also charges that:

5. On or about February 24, 2025, in the Western District of Virginia, the defendant, AHMANDOU ANTHONY KABBA, knowingly and intentionally distributed a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance.

6. All in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C).

## COUNT FOUR
### Possession with the Intent to Distribute a Controlled Substance (Fentanyl)

The Grand Jury also charges that:

7. On or about February 26, 2025, in the Western District of Virginia, the defendant, AHMANDOU ANTHONY KABBA, knowingly and intentionally possessed with the intent to distribute forty (40) grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance.

8. Before AHMANDOU ANTHONY KABBA committed the offense charged in this count, KABBA had the following final convictions for a serious drug felony, for which he served more than 12 months imprisonment for each conviction and for which he was released from serving any term of imprisonment related to each conviction within 15 years of the commencement of the instant offense.

   a. A 2019 conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Heroin, in the United States District Court for the Western District of Virginia.

   b. A 2019 conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute 50 grams or more of

Methamphetamine, in the United States District Court for the Western District of Virginia.

9. All in violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(B).

## COUNT FIVE
### Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance (Fentanyl)

10. From on or about December, 2024, and continuing to on or about March 6, 2025, in the Western District of Virginia and elsewhere, the defendants, AHMANDOU ANTHONY KABBA and AMONI NAKIA KELSO, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with other persons known and unknown to the Grand Jury, to commit the following offense against the United States, namely, to distribute and possess with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

11. Before AHMANDOU ANTHONY KABBA committed the offense charged in this count, KABBA had the following final convictions for a serious drug felony, for which he served more than 12 months imprisonment for each conviction and for which he was released from serving any term of imprisonment related to each conviction within 15 years of the commencement of the instant offense.

   a. A 2019 conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), Possession with Intent to Distribute Heroin, in the United States District Court for the Western District of Virginia.

   b. A 2019 conviction under Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), Possession with Intent to Distribute 50 grams or more of

3

Methamphetamine, in the United States District Court for the Western District of Virginia.

12. All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(B).

## NOTICE OF FORFEITURE

13. Upon conviction of one or more of the felony offenses alleged this Indictment, the defendant(s) shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

14. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Money Judgment**

   The United States will seek a forfeiture money judgment against the defendant in the amount equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

   b. **United States Currency**

   Approximately $15,262.00 in U.S. Currency

   c. **Jewelry:**

   a. Gold chain and medallion with the initials "AK" on the medallion.
   b. Rolex watch.
   c. Diamond earrings.
   d. Diamond ring.

   d. **Other Items as Described Below:**

   18 pairs of shoes, to include:
   i. Gucci Tie Dye shoes.
   ii. Gucci Navy blue shoes.
   iii. Alex McQueen blue shoes.

4

   iv. Lanvin black shoes.
   v. Giuseppe Zanotti gold shoes.
   vi. Nike tan/black shoes.
   vii. Dior green/white shoes.
   viii. AF1 white shoes.
   ix. AF1 black/white shoes.
   x. Dior black/silver shoes.
   xi. Versace tie dye shoes.
   xii. Dior blue/gray shoes.
   xiii. Prada brown/gray/white shoes.
   xiv. Alex McQueen black shoes.
   xv. Giuseppe Zanotti silver shoes.
   xvi. Louis Vuitton black/white shoes.
   xvii. Dolce and Gabbana black/chrome shoes.
   xviii. Christian Louboutin orange shoes.

15. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with a third person;
  c. has been placed beyond the jurisdiction of the Court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p),

A **TRUE BILL**, this 5th day of March, 2026.

             /s/ Grand Jury Foreperson
             Grand Jury Foreperson

For ROBERT N. TRACCI
Acting United States Attorney

MATTHEW M. MILLER
Executive Assistant United States Attorney